# EXHIBIT A

7-25'22

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS

SUPERIOR COURT DIVISION
C.A. NO. 22CV0537B

Djanine Da Veiga, )
    Plaintiff. )
)
v. )
)
Santander Bank; )
Jose Gomez; )
Jose Diaz;   and )
Kim Lopez. )
    Defendants. )

**Plaintiff's Complaint And Jury Demand**

Clerk of Court

JUL 2 5 2022

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

## **CAUSE OF ACTION**

1.    Plaintiff's claims arose from Defendant's racial, ethnic and national origin discriminations against Plaintiff; Defendants' retaliations against the Plaintiff; breach of Defendant Santander's employment contract with the Plaintiff; and the Wrongful Termination of the Plaintiff from her Employment with the Defendant Santander against public policy.  Plaintiff was Santander's full-time employee at the Santander Bank, N.A, branch in Brockton, Massachusetts, where Plaintiff worked as the bank manager from 2014 until about December 17, 2021, when Plaintiff was wrongfully and discriminatorily terminated by Santander. Plaintiff was intolerably harassed, humiliated, retaliated against and discriminated against by the Defendants because of her race, ethnicity and national origin contrary to M.G.L. c. 151B, Section 4, and contrary to the discrimination laws and the civil rights laws of the Commonwealth of Massachusetts and the United States, including, but not limited to, 42 USC Section 1985(3) and 42 USC Section 1986. Plaintiff has been damaged by Defendants' violations, and hereby demands to be made whole as

required by law.

## PARTIES.

2.     Plaintiff is an adult United States citizen residing in Brockton Massachusetts. Plaintiff is married and she has children. Plaintiff is an African-American. Her national origin is Cape Verde.

3.     Defendant Santander is a commercial Bank doing the banking business in different parts of the Commonwealth of Massachusetts. Santander has its office at 75 State Street, Boston, MA 02109.

4.     Defendant Jose Gomez is a Santander District Executive. His address is 75 State Street, Boston, MA 02109.

5.     Defendant Jose Diaz is an employee of Santander Bank. His address is 75 State Street, Boston, MA 02109

6.     Defendant Kim Lopez is also an employee of Santander Bank. She is the operations manager. Her address is 75 State Street, Boston, MA 02109.

## FACTS RELEVANT TO ALL THE COUNNTS.

7.     Plaintiff's career in banking began with the Fleet Bank as a Teller. Plaintiff progressed  and moved into different other positions. Following the merger of Fleet with the Bank of America years later, Plaintiff continued in her banking career. Plaintiff worked therewith for about 14 years before she joined Santander Bank.

8.     Plaintiff joined Santander Bank in February 2014 as a Customer Service Representative under the Float team. Six months thereafter, Plaintiff was promoted to the position of a Bank Manager at Santander leading the Uphams Corner Branch in Massachusetts.

9.     Plaintiff's stay at the Uphams Corner Branch was successful with a strong team.

They worked together and never failed an audit, and had many internal promotions after successfully training the staff. Plaintiff led that branch for about 3 years, and later relocated to the Brockton Branch in order to be closer to home in Brockton.

10.     The Brockton Branch is a very busy branch doing about 27 transactions every half hour, with the attendant high funds flow.

11.     At the Brockton branch, one of the first concerns raised by the Plaintiff was the issue of the location's Security. The Santander Brockton branch lacked even a security guard or glass protection for the teller line. Plaintiff raised this concern on many occasions with the Defendants but nothing was done.

12.     In addition to several other times, during one of the visits in May 2021 to the Brockton branch of the District Manager, Jose, Plaintiff again asked for a security guard, at least. The District Manager did nothing. He only stated that he would look into it and get back to the Plaintiff. But he never did.

13.     On or about July 7, 2021 the Santander Brockton branch was robbed at gunpoint. Customers and employees were held hostage by the armed robbers. Plaintiff had two of the gunmen walking around the branch with her demanding for money. It was so easy for the robbers to take over the branch since there was no security guard, and no glasses protecting the teller line. The armed robbers easily jumped the counter and left with about $16, 000. Plaintiff was traumatized and emotionally distressed.

14.     On November 17, 2021 during the COVID-19 period, Plaintiff was treated with disparity, singled out and discriminatorily given a written warning by Jose Diaz because of the operation results from an audit. However, all the other manager(s) mentioned on the final report about the alleged errors made during the COVID-19 absence were treated

differently.

15.     On December 17, 2021 Plaintiff received an email invitation from Jose Gomez for a meeting at the Randolph Location of Santander Bank. Upon arriving the Santander HR representative was there as well via telephone. Plaintiff was notified that a decision had been made to terminate her employment due to failure to perform dual control tasks as per company policy and procedure.

16.     Santander's reason for terminating the Plaintiff's employment was a fabrication, pretextual and a cover-up for intentional discrimination and retaliation against the Plaintiff.

17.     It was surprising that the other team member, Alyssa Gibson, who performed the dual control task with the Plaintiff and who also signed the documentation with the Plaintiff signifying compliance (**Exhibit A**), was never terminated. Alysa Gibson was treated with favor and differently from the Plaintiff. Alyssa Gibson is still an active employee with Santander, while Plaintiff was discriminated against and terminated.

18.     Alysa Gibson is white. Plaintiff is an African-American. Plaintiff's national origin is Cape Verde.

19.     Defendants have disparate ways of handling situations and circumstances from branch to branch. Sometimes there were shortages in some branches, and at a time another branch had a $2000 difference on the main vault, and those involved still have their jobs.

20.     Severally, the third-party vendors visited or worked on the ATM machines, and insufficiencies resulted. Plaintiff notified Defendants and they did nothing.

21.     On or about December 18, 2021 Plaintiff applied for Unemployment

benefits/compensation, and waited for about one month prior to receive a decision.

22. On or about January 23, 2022 Plaintiff was notified by Unemployment that she didn't qualify for payment. According to the Santander Bank's responses to the Unemployment questionnaires, Santander represented that Plaintiff was terminated due to misappropriation or mishandling of ATM funds. But Santander's representation was defamatory of the Plaintiff. It was false and untruthful.

23. In the course of Plaintiff's employment with the Santander Bank, she was subjected to unbearable humiliations, retaliations, harassments and intolerable acts of discriminations.

24. Plaintiff was ridiculed and treated with disparity because of her ethnicity, race and national origin. At a stage, Defendants falsely accused the Plaintiff of violating Santander Bank's dual control policy. They later changed their position and falsely claimed that Plaintiff mishandled and/or misappropriated Santander's ATM funds.

25. Santander Bank also deliberately used its District Executive - Jose Gomez, and its other employees Jose Diaz, and Kim Lopez to discriminatorily torment, harass and humiliate the Plaintiff and to retaliate against the Plaintiff.

26. Subsequent to Plaintiff's discriminatorily termination, Plaintiff applied for unemployment benefits. But the Defendants unconscionably extended their discriminatory and retaliatory activities against the Plaintiff to her unemployment benefits. The Defendants discriminatorily and in bad faith caused the denial of Plaintiff's unemployment benefits.

27. Defendants published some information to the unemployment authorities defaming the Plaintiff by falsely stating that Plaintiff misappropriated Santander's ATM

funds. The Defendants scorned the Plaintiff, contemptibly ridiculed her and falsely represented Plaintiff as a thief, as a rogue and a dishonest person unfit for the job of a banker.

28.     Defendants have no credible reason for terminating Plaintiff's employment. Defendant's reasons are false, pretexts and not the real. Defendants have no accurate reason for their actions.

29.     Additionally, it is evident that Santander Bank did not follow its written procedures in deciding to terminate Plaintiff's employment. Santander's failure to follow its established procedures or criteria supports a reasonable inference of intentional discrimination against the Plaintiff.

30.     Although Santander allegedly terminated Plaintiff's employment for "violating" its "dual control policy," however, in its retaliatory and discriminatory conduct against Plaintiff's unemployment benefits, Santander Bank unconscionably changed its reason and contradicted itself claiming that it terminated Plaintiff for "mishandling" and/or "misappropriating" its ATM funds.

31.     The reasons being adduced by Santander for terminating Plaintiff's employment are false, contradictory and pretextual. The false and/or pretextual reasons are in order to conceal Santander's discriminatory real purpose.

32.     Defendants discriminatorily treated Plaintiff differently and with disparity in violation of the civil rights under the laws of Massachusetts and federal laws, in violation of Title VII and 42 U.S.C. Section 1981; 42 U.S.C. Section 1985, and in violation of Plaintiff's  constitutional protections to be free from unlawful discriminations.

33.     Notwithstanding the fact that the Plaintiff and Alyssa Gibson together performed the dual control tasks that Santander Bank gave as its "reason" for terminating Plaintiff's

employment **(Exhibit A),** the Plaintiff was terminated while Alyssa Gibson, who is white, was never terminated. Alyssa Gibson was treated favorably and differently, and allowed to continue with her job with Santander Bank to date.

34.    Plaintiff severally complained and noticed Santander Bank on the issue of lack of security for its workers at the Brockton Branch of Santander. The issue of lack of adequate security regrettably extended to Santander's ATMs where the surveillance cameras coverages were inadequately extended or employed.

35.    Rather than Santander Bank improving on the Plaintiff's concerns regarding Santander's lack of adequate security at its Brockton branch, Santander Bank retaliated against the Plaintiff, discriminated against her, threatened, harassed her and wrongfully terminated her employment.

36.    Santander Bank even went to the ridiculous extent of threatening the Plaintiff that she should not mention the lack of security at its Brockton branch ATM. This was done by the District Executive, Jose Gomez.

37.    The conducts of Santander Bank against the Plaintiff breached its employment contract with the Plaintiff and also violated the implied covenant of good faith and fair dealing in Santander's contract with the Plaintiff. Santander Bank's actions against the Plaintiff also violated Plaintiff's civil rights and the employment discrimination laws of the United States and the laws of this Commonwealth of Massachusetts.

38.    Santander's discriminatory and inexcusable termination of the Plaintiff's employment and its disparate treatments of the Plaintiff are highly discriminatory and excessively humiliating and harassing. Plaintiff suffered emotional distress, damages and other losses.

39.     Before filing this suit, Plaintiff approached the EEOC for the resolution of her

concerns and claims against the Defendants. However, no resolution was achieved.

Plaintiff was issued with the Letter of Notice of Right to Sue by the EEOC on or about

7/1/2022. **See Exhibit B.**

40.     By Santander Bank's discriminatory, retaliatory, harassing, humiliating and

unreasonable conducts against the Plaintiff, Santander Bank unlawfully terminated

Plaintiff's  employment and made life so intolerable for her. Plaintiff had intended to

work and retire at Santander Bank, but such was made unrealistic because of Santander

Bank's conducts and its discriminations, and its wrongful termination of the Plaintiff's

employment.

41.     Plaintiff hereby claims against the Defendants as follows:

**Count I.            Wrongful Discharge in Violation of Public Policy.**

42.     Paragraphs 1 through 41 are hereby incorporated herein by reference and fully

made part of this count.

43.     Massachusetts law prohibits employers from discriminating against their

employees on the basis of, among other things, race, ethnicity or national origin.

See M.G.L. c. 151B, § 4.

44.     Plaintiff avers that she was Santander's employee, Santander discriminated

against Plaintiff and wrongfully and discriminatorily terminated Plaintiff's employment

in violation of the laws and in violation of public policy.

45.     Plaintiff has the right under G. L. c. 151B to be free from employment

discriminations. This right has been violated by the Defendant Santander. Santander

discriminatorily terminated Plaintiff's employment as the manager at its branch in Brockton Massachusetts in violation of the discrimination laws and in violation of public policy. Plaintiff has suffered damages, losses, emotional distress, pains and sufferings as a result of Santander's conducts and violations.

46.    Plaintiff further avers that the public policy exception to at-will employment has also been recognized for *asserting a legally guaranteed right* or for refusing to do that which the law forbids.

47.    Defendant Santander demanded that Plaintiff should keep secret and should not reveal that Santander had faulty security provisions and arrangements at its Brockton branch. Plaintiff refused to abide by Santander's illegality and/or instruction. Plaintiff's employment was accordingly terminated against public policy.

48.    Plaintiff was also retaliated against and was sacked when she refused to act according to the Defendant Santander's demands, in violation of public policy. Plaintiff was also retaliated against based on her concerns and reports on the lack of security at the Brockton branch of Santander bank.

49.    As a proximate and direct result of defendant's conducts and violations, Plaintiff was damaged. Plaintiff also suffered injuries, humiliation, distress, losses and damages, and the violations of her rights and deprivation of justice.

**Wherefore,** Plaintiff demands for judgment against Defendant Santander in an amount of five million ($5,000,000.00) dollars, plus attorneys' fees, costs and the expenses for prosecuting this action. Plaintiff also requests for any further relief(s) that this court may deem fit and proper under the facts and circumstances of this case.

**Count II.**             **Breach of Contract**

50.     Paragraphs 1 through 49 are hereby incorporated herein by reference as part of this count as if they had already been fully set forth herein.

51.     Plaintiff avers that she had an employment agreement or contract with Santander Bank. The agreement was supported by consideration. Plaintiff was Defendant Santander's branch manager at its Brockton branch. The Plaintiff was duly performing her own side of the bargain, and Plaintiff is also ready, willing, and able to continue to perform her part of the contract. But Defendant Santander committed a breach of the contract and wrongfully terminated Plaintiff's employment. Santander's breach caused damages, distress and losses to the Plaintiff. Plaintiff has suffered harm and damages as a result Santander's breach.

52.     In the Plaintiff's contract with Defendant Santander, Santander is bound by the non-discrimination laws and the civil right laws and Santander's nondiscrimination policy prohibiting discrimination based on race or national origin. Santander violated the laws and its policies, and discriminatorily terminated Plaintiff's employment.  Plaintiff has suffered losses and damages therefrom.

        **Wherefore,** Plaintiff prays for judgment against Defendant Santander in the amount provable at trial together with interests, costs and attorneys' fees.

**Count III.**     **Breach of Implied Covenant of Good Faith and Fair Dealing**

53.     Plaintiff revers all the factual allegations in paragraphs 1 through 52 of this complaint and incorporates them herein as forming part of this count.

54.     Incorporated in the employment contract between Plaintiff and Defendant Santander was the Agreement that each party would do nothing to prevent the other from

reaping the fruits and benefits of the contract and of the bargain.

Santander violated Plaintiff's civil rights and the discrimination laws against Plaintiff, and terminated Plaintiff's employment against public policy.

55.     Plaintiff avers that by Santander's violations and by its unfair and deceptive conducts, Santander made it impossible for Plaintiff to reap the fruits/benefits of the bargain and the benefits of Plaintiff's contract with Santander.

56.     Defendant Santander breached its contract with the Plaintiff and caused Plaintiff loss of income, emotional distress, fear, anxiety and other damages and losses.  Plaintiff also incurred other expenses and suffered unnecessary and preventable losses as a result of Santander's violations and breach of their contract of implied covenant of good faith and fair dealing with Plaintiff.

        **Wherefore,** Plaintiff prays for judgment against the Defendant and claims damages pursuant to M.G.L. c. 93A (3) for double or treble damages, and for costs and attorneys' fees pursuant to the Massachusetts General Laws, Chapter 93A, section 9 (4).

**Count IV.**    **Employment Discrimination on the basis of Plaintiff's Race and National Origin, in violation of G. L. c. 151B, § 4.**

57.     Paragraphs 1 through 56 of this complaint are hereby incorporated by reference into this count as if they had already been fully set forth herein.

58.     Plaintiff is an African-American. Plaintiff's national origin is Cape Verde. Massachusetts law prohibits employers from discriminating against their employees on the basis of, among other things, race or national origin. See G. L. c. 151B, § 4.

59.     General Laws c. 151B, § 4, provides that "[i]t shall be an unlawful practice . . . [f]or an employer . . . because of the race, color, . . . [or] national origin . . . of any

individual . . . to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

60.     Plaintiff avers that she is a member of a protected class; that was wrongfully terminated and/or subjected to adverse employment action by her employer, Santander; that the employer bore discriminatory animus in taking that action; and that that animus was the reason for the action (causation); and Plaintiff suffered dames and losses thereby.

61.     Plaintiff avers that she is a member of a class protected by G. L. c. 151B. Plaintiff performed her job at an acceptable level; and Plaintiff was terminated by Defendant Santander.

62.     Plaintiff avers that Santander has no legitimate, nondiscriminatory reason for its employment decision and/or violations against the Plaintiff.

63.     Plaintiff further avers that any reason that Santander may articulate in justification for its violations against Plaintiff and/or for terminating Plaintiff's employment is not true but a pretext. The reason given by the employer (Santander) for the adverse decision against Plaintiff was not only false, but also was given to cover Santander's discriminatory animus.

64.     There are evidence that will show, among other things, that the Plaintiff was treated differently from similarly situated person(s) who are not African Americans. Plaintiff avers that there is evidence to establish that the Plaintiff's termination was a pretext for racial discrimination; and there is evidence that will demonstrate that Plaintiff was treated differently from similarly situated white employee(s).

65.     There is also evidence that Santander did not follow their written procedures in deciding to terminate the Plaintiff's employment. Plaintiff avers that an employer's

failure to follow established procedures or criteria' . . . [may] support a reasonable inference of intentional discrimination.

66.     Defendant Santander's violations and conducts have caused distress, harm, damages and losses to the Plaintiff.

**Wherefore,** Plaintiff demands for judgment against all Defendant Santander in an amount of five million ($5,000,000.00) dollars, plus attorneys' fees, costs and the expenses incurred in the prosecution of this action. **Plaintiff also requests for punitive damages** and for any further relief(s) that this court may deem fit and proper under the circumstances of this case.

**Count  V.     Violation of Plaintiff's Civil Rights under M.G.L. c. 12, Section 11I**

67.     Plaintiff re-avers all the factual allegations in paragraphs 1 through 66 of this claim, and incorporates them herein as forming part of this count.

68.     Plaintiff avers that she has enjoyable, legally and constitutionally secured rights in her employment with Santander bank; and to her privacy and reputation. Santander bank has interfered or attempted to interfere with those rights and their enjoyment by the Plaintiff. Defendant Santander's interferences were by threats, intimidation, or coercion.

69.     On or about December 17, 2021, Santander Bank, Plaintiff's employer, interfered with plaintiff's exercise of her right to be protected against discriminatory discharge from employment, a right secured by M.G.L. 151B, section 4 and secured under the Massachusetts Declaration of Rights, under the United States Constitution and under the State and Federal civil rights laws, especially M.G.L. c. 12 Section 11I.

70.     As a result of Defendant Santander's misrepresentations, discriminations, threats, harassing, intimidating actions, and unlawful termination of Plaintiff's employment,

Plaintiff's civil rights were violated.

**Wherefore** Plaintiff demands for judgment against Defendants Santander in the amount provable at trial, together with attorneys' fees, costs and the expenses incurred in prosecuting this action. Plaintiff also demands for punitive damages and for perpetual injunction preventing and permanently enjoining and forbidding Santander from further interferences with Plaintiff's rights and/or from further harassing, threatening and/or intimidating Plaintiff.

**COUNT VII**          <u>**Conspiracy With Racial Animus**</u>
                       <u>**(42 U.S.C., Section 1985(3)).**</u>

71.    Plaintiff re-avers all the factual allegations in paragraphs 1 through 70 of this Complaint, and incorporates them herein as forming part of this count.

72.    The defendants conspired with each other to discriminate against the Plaintiff, and they undertook a course of conduct to injure, interfere with, oppress, threaten, intimidate in furtherance of the same against plaintiff, a United States Citizen, in the free exercise and enjoyment of her employment rights and the rights and privileges, due process rights and equal protection of the law secured to her by the Constitution.

73.    Defendants discriminated against the Plaintiff, treated Plaintiff differently and with disparity from similarly situated persons (such as ------), retaliated against the Plaintiff, and terminated Plaintiff's employment against public policy.

74.    Even when Plaintiff applied for unemployment benefits after her wrongful termination, Defendants extended their conspiracy thereto, defamed Plaintiff, and falsely published that Plaintiff misappropriated Santander's ATM funds.

75.    Defendants misrepresented facts, truncated Plaintiff's right of access to justice

and Plaintiff's due process right to fair hearing. Defendants fabricated facts and committed fraud on the Massachusetts Department of Unemployment to the prejudice of the Plaintiff.

76.    The conducts and actions of the defendants were motivated by class-based, invidiously discriminatory, ethnic and/or racial animus and by their desire to injure, oppress, threaten, and intimidate Plaintiff and interfere in her legally and constitutionally protected rights and privileges, because of her race, tribe, nationality and ethnicity. Plaintiff is black, African-American of Cape Verde nationality.

77.    All the Defendants and their cohorts are willful participants in their joint actions and violations against Plaintiff.

78.    As a proximate and direct result of Defendants' conducts, Plaintiff suffered humiliation, injuries, distress, losses and damages.

**Wherefore,** Plaintiff demands for judgment against all the defendants, jointly and severally, in the amount of five million ($5,000,000.00) dollars, together with the interests, costs and expenses. Plaintiff also requests for punitive damages and for attorneys' fees and an injunction preventing and forbidding defendants from conspiring against her or violating her constitutional rights in the future.

**Count VIII.**          **Conspiracy to Hinder the Provisions of Equal Protection, Exercise of Rights and Privileges as a United States Citizen. (42 U.S.C. Section 1985(3)).**

79.    Plaintiff re-avers all the factual allegations contained in paragraphs 1 through 78 of this complaint and incorporates them herein as forming part of this count.

80.    The individual defendants conspired with each other, discriminated against the Plaintiff, retaliated against the Plaintiff, encouraged one and another, furthered,

motivated by some class-based, invidious discriminatory animus and for the purpose of hindering and preventing the plaintiff from securing and benefiting from the Constitutional provisions of equal protection of the laws in the exercise of her constitutional rights of access to gainful employment, fair hearing, and due process of law.

81.    In furtherance of the conspiracy, and to conceal their motivation, purpose and misconducts, all the defendants engaged in a cover-ups and lies, misrepresentations and falsehoods with which they misled the Massachusetts Department of Unemployment into the wrongful denial of Plaintiff's unemployment benefits. Defendants acted to the prejudice and detriment of this Plaintiff.

82.    Defendants also acted in furtherance of their conspiracies, supervised and encouraged misrepresentations against Plaintiff's interest; and variously acted to deprive plaintiff of her civil rights, equal protection of the laws and her right of access to fair hearing and justice.

83.    As a proximate and direct result of defendants' conducts, Plaintiff suffered the injuries, distress, losses and damages, and the violations of her rights and deprivation of justice.

**Wherefore,** plaintiff demands for judgment against all the defendants, jointly and severally, in the amount of five million ($5,000,000.00) dollars or in the amount provable at trial, plus attorneys' fees, costs and the expenses of prosecuting this action. Plaintiff also requests for an injunction prohibiting defendants from interfering with her constitutionally protected rights.

**Count IX.**                          <u>**Action for Negligent to Prevent**</u>
                                       <u>**(42 U.S.C., Section 1986)**</u>

84.    Plaintiff re-alleges and re-avers the factual allegations in paragraphs 1 through 83

and incorporates them by reference herein as forming part of this count.

85.    Plaintiff avers that the individuals named as Defendants and their cohorts had

knowledge of the conspiracy between them and each other, and that a 42 U.S.C. §

1985(3) conspiracy against Plaintiff's right to the equal protection of the laws,

employment rights, due process of law and against plaintiff's other Constitutionally

protected rights. These Defendants also knew about each others actions and conducts in

furtherance of the same. These defendants had the power to stop or prevent or aid in

preventing the conspiracy and/or stopping it from continuing, but they neglected and/or

refused to do so, and rather took steps in furtherance of the conspiracy because of some

class-based biases, prejudices and some invidiously discriminatory animus.

86.    With good faith, some honesty and/or reasonable diligence, any or all of these

Defendants would have promptly reported the conspiratorial conducts or that of the other

defendants and their cohorts to   authorities or to the law enforcement or to duly

authorized agencies, or to the Plaintiff for adequate action to be taken.

87.    The Defendants' failure contributed to Plaintiff's sufferings, losses and damages;

and the violations of Plaintiff's employment rights, due process rights; and the violations

of her 1st, 5th and Fourteenth Amendments' Rights and her rights to the equal protection

of the laws.

88.    Had these defendants complied with the law and furnished honest and truthful

information to the Plaintiff and/or to the authorities for investigation and action, the §

1985(3) conspiracy would have been stopped and/or it would not have succeeded to the

extent that it did to the to harm of the Plaintiff.

89.    As a proximate and direct result of the Defendants' neglectful conducts, Plaintiff was prejudiced. Plaintiff also suffered the injuries, distresses, losses and damages.

   **Wherefore**, plaintiff demands for judgment against the defendants, jointly and severally, in the amount of five million ($5,000,000.00) dollars or in the amount provable at trial, plus attorneys' fees, costs and the expenses incurred in the prosecution of this action. Plaintiff also demands that defendants be enjoined from further damaging her and from further discriminations against her.

**Count  VII.**                    **Defamation.**

90.    Plaintiff re-alleges and re-avers the factual allegations in paragraphs 1 through 89 and incorporates them by reference herein as forming part of this count.

91.    Plaintiff avers that Defendants published a defamatory statement about the plaintiff that the Plaintiff misappropriated Santander's ATM funds. Defendant misrepresented Plaintiff as a thief, a rogue and as   dishonest person unfit for the job of a banker.

 92.    Defendants' defamation is per se and related to Plaintiff's trade or profession as a banker.

93.    The statement was a materially false statement of fact. The defendant acted with some degree of fault. The Defendants were negligent in their conduct. The plaintiff suffered harm, humiliation, mental suffering, reputational harm and damages as a result of the defamatory publication by the Defendants.

94.    Plaintiff further avers that Defendants made a false statement to a third party, the Massachusetts Unemployment, that Plaintiff misappropriated its ATM funds. The

Defendants' inuendo was that Plaintiff is a thief, a rogue, a dishonest person and a person unfit for her career as a banker. The Defendants' publication and defamation was of and concerning the Plaintiff; and is capable of damaging the Plaintiff's reputation in her business, trade or profession in the community, and caused Plaintiff economic loss and damages. Defendants action amounts to libel per se.. .

95.     Defendants' statement is defamatory, it discredits the Plaintiff or holds the Plaintiff up to scorn, hatred, ridicule, or contempt in the minds of any considerable and respectable segment of the community. It led to the initial denial of Plaintiff application for unemployment benefits.

96.     The Defendants' the statement distressed plaintiff and harmed the reputation of the plaintiff as to lower her in the estimation of others, injure the plaintiff in her business, deter persons from associating with the Plaintiff, or otherwise bring her into disgrace, ridicule, humiliation or contempt.

97.     Defendants' statement and publication amounts to slander per se. The words used charge the Plaintiff with the commission of a crime. It also prejudiced the Plaintiff in her office, profession, or business.

**Wherefore,** plaintiff demands for judgment against all the defendants, jointly and severally, in the amount of five million ($5,000,000.00) dollars or in the amount provable at trial, plus attorneys' fees, costs and the expenses of prosecuting this action. Plaintiff also requests for an injunction prohibiting defendants from libeling and defaming her.

**Count VIII.     Interference with Contractual or Advantageous Business Relations. (Against the 2nd to the 4th Defendants)**

98.     Plaintiff re-alleges and re-avers the factual allegations in paragraphs 1 through 97

and incorporates them by reference herein as forming part of this count.

99.    Plaintiff avers that she had an employment contract with a third party, Santander

Bank; the Defendants - Jose Gomez, Jose Diaz, and Kim Lopez ("2nd to the 4th

Defendants") -  knowingly induced Santander Bank, the third party, through lies and

misrepresentations, to break that contract; these Defendants' interferences, in addition to

being intentional, was improper in motive or means; and the Plaintiff lost her

employment and Plaintiff was harmed and suffered damages by the defendant's acts and

conducts.

100.    Plaintiff avers that these Defendants (2nd -4th Defendants) acted with actual malice

in their actions against the Plaintiff..

    **Wherefore**, Plaintiff demands for judgment against all the 2nd to the 4th

Defendants, jointly and severally, in the amount of five million ($5,000,000.00) dollars or

in the amount provable at trial, plus attorneys' fees, costs and the expenses of prosecuting

this action. Plaintiff also requests for an injunction prohibiting defendants from libeling

and defaming her.

### <u>PRAYER FOR RELIEF</u>

    Plaintiff demands for judgment against the Defendants as prayed in each and in

every Count herein in this Complaint. Plaintiff also asks this Court to award him any

other or further damages and reliefs that this Court may deem fit and proper.

**Plaintiff demands for trial by the Jury on ALL the counts contained in this
Complaint.**

                    Respectfully by the plaintiff,
                    Through his Attorney,

Benneth O. Amadi, Esquire
BBO# 646232
204 Blossom Street Extension, Suite A
Lynn, MA 01901
781-581-5144
bamadilaw@gmail.com

July 22, 2022.

# EXHIBIT  A

**Money Movement Document**

| Coin | Count | Amount | Currency | Count | Amount |
|------|-------|--------|----------|-------|--------|
|  |  |  | 100s |  |  |
| Dollars |  |  | 50s |  |  |
| Halves |  |  | 20s |  | 80000 00 |
| Quarters |  |  | 10s |  |  |
| Dimes |  |  | 5s |  |  |
| Nickels |  |  | 2s |  |  |
| Pennies |  |  | 1s |  |  |
| TOTAL COIN: |  |  | TOTAL BILLS: | | 80 000 00 |
| MISCELLANEOUS |  |  |  |  |  |

From:
To:
AMT:
Ref:
Branch:
Date:
Time:

**Movement Total  $**   80 0000 0

**From**

Vault _ 10·8·2021

SIGNATURE                    DATE

_____
2ND SIGNATURE REQUIRED FOR DUAL CONTROL          DATE

AT0002 C0122_B 3/8/16

**To**

ATM D498
10/8/20

SIGNATURE                    DATE

2ND SIGNATURE REQUIRED FOR DUAL CONTROL          DATE

# EXHIBIT  B



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Boston Area Office**
15 New Dudbury St, Room 475
Boston, MA 02203
(617) 865-3670
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 07/01/2022

**To:** Djanine T. DaVeiga
419 Main Street
Brockton, MA 02301
Charge No: 523-2022-02565

EEOC Representative and email:     Hanh Nguyen
Investigator
hanh.nguyen@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 523-2022-02565.

On behalf of the Commission,

Digitally Signed By:Judy Keenan
07/01/2022

Judy Keenan
District Director

**Cc:**
Jane Meyers
Santander Bank, NA
jane.meyers@santander.us

Benneth O Amadi
Amadi Law Office
bamadilaw@gmail.com

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law.** If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice.** Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice.** Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 523-2022-02565 to the District Director at Judy Keenan, 33 Whitehall St 5th Floor

New York, NY 10004.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>02CV537B | Trial Court of Massachusetts<br>The Superior Court ⚖ |
|---|---|---|
| | | COUNTY |

| Plaintiff: Djenine Da Veiga | Defendants: Santander Bank, et al. |
|---|---|
| ADDRESS: 419 Main Street<br>Brockton MA 02301 | ADDRESS: 75 State Street<br>Boston MA 02109 |
| Plaintiff Attorney: Bennett O. Amadi, Esq. | Defendant Attorney: Unknown. |
| ADDRESS: AMADI LAW OFFICE<br>204 Blossom St. Ext. Ste. A<br>Lynn MA 01901 | ADDRESS: |
| BBO: 646232 | BBO: |

**TYPE OF ACTION AND TRACK DESIGNATION** (see instructions section below)

| CODE NO.<br>B22 | TYPE OF ACTION (specify)<br>Employment Discrimination | TRACK<br>F | HAS A JURY CLAIM BEEN MADE?<br>[X] YES   [ ] NO |
|---|---|---|---|

*If "Other" please describe:

Is there a claim under G.L. c. 93A?   [ ] YES   [X] NO          Is there a class action under Mass. R. Civ. P. 23?   [ ] YES   [X] NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date

  1. Total hospital expenses

  2. Total doctor expenses

  3. Total chiropractic expenses

  4. Total physical therapy expenses

  5. Total other expenses (describe below)

Subtotal (1-5):   **$0.00**

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages   Over $1,000,000.00

F. Other documented items of damages (describe below)

TOTAL (A-F):   Over $1 million $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Plaintiff was discriminated against and her employment terminated

**CONTRACT CLAIMS**

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | Breach of employment contract and<br>the damages and losses associated. | Total $5,000,000 or |

Signature of Attorney/Unrepresented Plaintiff: X _____   Date: 7-22-2022

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X _____   Date: 7-22-2022

*Stamp:* FILED<br>COMMONWEALTH OF MASSACHUSETTS<br>SUPERIOR COURT DEPT. OF THE TRIAL COURT<br>PLYMOUTH COUNTY<br>JUL 25 2022<br>Clerk of Court

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| | | |
|---|---|---|
| AA1 | Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 | Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 | Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 | Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 | Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | | |
|---|---|---|
| A01 | Services, Labor, and Materials | (F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A04 | Employment Contract | (F) |
| A05 | Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 | Insurance Contract | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A14 | Interpleader | (F) |
| BA1 | Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 | Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 | Shareholder Derivative | (A) |
| BB2 | Securities Transactions | (A) |
| BC1 | Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 | Intellectual Property | (A) |
| BD2 | Proprietary Information or Trade Secrets | (A) |
| BG1 | Financial Institutions/Funds | (A) |
| BH1 | Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 | Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | | |
|---|---|---|
| D01 | Specific Performance of a Contract | (A) |
| D02 | Reach and Apply | (F) |
| D03 | Injunction | (F) |
| D04 | Reform/ Cancel Instrument | (F) |
| D05 | Equitable Replevin | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Shareholder's Suit | (A) |
| D09 | Interference in Contractual Relationship | (F) |
| D10 | Accounting | (A) |
| D11 | Enforcement of Restrictive Covenant | (F) |
| D12 | Dissolution of a Partnership | (F) |
| D13 | Declaratory Judgment, G.L. c. 231A | (A) |
| D14 | Dissolution of a Corporation | (F) |
| D99 | Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| | | |
|---|---|---|
| PA1 | Contract Action involving an Incarcerated Party | (A) |
| PB1 | Tortious Action involving an Incarcerated Party | (A) |
| PC1 | Real Property Action involving an Incarcerated Party | (F) |
| PD1 | Equity Action involving an Incarcerated Party | (F) |
| PE1 | Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | | |
|---|---|---|
| B03 | Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 | Other Negligence - Personal Injury/Property  Damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice - Medical | (A) |
| B07 | Malpractice - Other | (A) |
| B08 | Wrongful Death - Non-medical | (A) |
| B15 | Defamation | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury - Slip & Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| BE1 | Fraud, Business Torts, etc. | (A) |
| B99 | Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | | |
|---|---|---|
| S01 | Summary Process - Residential | (X) |
| S02 | Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | | |
|---|---|---|
| C01 | Land Taking | (F) |
| C02 | Zoning Appeal, G.L. c. 40A | (F) |
| C03 | Dispute Concerning Title | (F) |
| C04 | Foreclosure of a Mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | | |
|---|---|---|
| E18 | Foreign Discovery Proceeding | (X) |
| E97 | Prisoner Habeas Corpus | (X) |
| E22 | Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | | |
|---|---|---|
| E15 | Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 | Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | | |
|---|---|---|
| E02 | Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 | Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E06 | Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 | Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 | Appointment of a Receiver | (X) |
| E09 | Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 | Summary Process Appeal | (X) |
| E11 | Worker's Compensation | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 | Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 | Pleural Registry (Asbestos cases) | |
| E94 | Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 | Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 | Other Administrative Action | (X) |
| Z01 | Medical Malpractice  - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 | Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | | |
|---|---|---|
| E12 | SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 | SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | | |
|---|---|---|
| E19 | Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 | Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| | | | ☒ YES ☐ NO |
| B03 | Motor Vehicle Negligence-Personal Injury | F | |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF -** The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.

**DUTY OF THE DEFENDANT -** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

Date/Time Printed:07-21-2022 14:05:40

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2283CV00537 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Djanine Da Veiga vs. Santander Bank et al | Robert S. Creedon, Jr., Clerk of Courts |
|---|---|

| TO:  Benneth Onyema Amadi Esq AMADI LAW OFFICE 204 Blossom Street Extension Suite A Lynn, MAssachusetts 01901 | COURT NAME & ADDRESS Plymouth County Superior Court - Brockton 72 Belmont Street Brockton, MA 02301 |
|---|---|

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                           DEADLINE

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court |  | 10/24/2022 |  |
| Response to the complaint filed (also see MRCP 12) |  | 11/22/2022 |  |
| All motions under MRCP 12, 19, and 20 | 11/22/2022 | 12/22/2022 | 01/23/2023 |
| All motions under MRCP 15 | 11/22/2022 | 12/22/2022 | 01/23/2023 |
| All discovery requests **and depositions** served and non-expert depositions completed | 05/22/2023 |  |  |
| All motions under MRCP 56 | 06/20/2023 | 07/20/2023 |  |
| Final pre-trial conference held and/or firm trial date set |  |  | 11/17/2023 |
| Case shall be resolved and judgment shall issue by |  |  | 07/24/2024 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 07/25/2022 | ASSISTANT CLERK | PHONE |
|---|---|---|

Date/Time Printed: 07-25-2022 12:55:53                                                   SCV029: 08/2018

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2283CV00537 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Djanine Da Veiga vs. Santander Bank et al | Robert S. Creedon, Jr., Clerk of Courts |
|---|---|

| TO: Santander Bank No addresses available | COURT NAME & ADDRESS Plymouth County Superior Court - Brockton 72 Belmont Street Brockton, MA 02301 |
|---|---|

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                    **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 10/24/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 11/22/2022 | |
| All motions under MRCP 12, 19, and 20 | 11/22/2022 | 12/22/2022 | 01/23/2023 |
| All motions under MRCP 15 | 11/22/2022 | 12/22/2022 | 01/23/2023 |
| All discovery requests **and depositions** served and non-expert depositions completed | 05/22/2023 | | |
| All motions under MRCP 56 | 06/20/2023 | 07/20/2023 | |
| Final pre-trial conference held and/or firm trial date set | | | 11/17/2023 |
| Case shall be resolved and judgment shall issue by | | | 07/24/2024 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 07/25/2022 | ASSISTANT CLERK | PHONE |
|---|---|---|

Date/Time Printed: 07-25-2022 12:55:53                                                                 SCV026\ 08/2018

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2283CV00537 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Djanine Da Veiga vs. Santander Bank et al | Robert S. Creedon, Jr., Clerk of Courts |
|---|---|

| TO:  Jose Gomez<br>No addresses available | COURT NAME & ADDRESS<br>Plymouth County Superior Court - Brockton<br>72 Belmont Street<br>Brockton, MA 02301 |
|---|---|

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

#### STAGES OF LITIGATION                                    DEADLINE

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court |  | 10/24/2022 |  |
| Response to the complaint filed (also see MRCP 12) |  | 11/22/2022 |  |
| All motions under MRCP 12, 19, and 20 | 11/22/2022 | 12/22/2022 | 01/23/2023 |
| All motions under MRCP 15 | 11/22/2022 | 12/22/2022 | 01/23/2023 |
| All discovery requests **and depositions** served and non-expert depositions completed | 05/22/2023 |  |  |
| All motions under MRCP 56 | 06/20/2023 | 07/20/2023 |  |
| Final pre-trial conference held and/or firm trial date set |  |  | 11/17/2023 |
| Case shall be resolved and judgment shall issue by |  |  | 07/24/2024 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 07/25/2022 | ASSISTANT CLERK | PHONE |
|---|---|---|

Date/Time Printed: 07-25-2022 12:55:53                                                                    SCV026\ 08/2018

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1-'88) | DOCKET NUMBER<br>2283CV00537 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>Djanine Da Veiga vs. Santander Bank et al | Robert S. Creedon, Jr., Clerk of Courts |
|---|---|
| TO:  Jose Diaz<br>No addresses available<br>, | COURT NAME & ADDRESS<br>Plymouth County Superior Court - Brockton<br>72 Belmont Street<br>Brockton, MA 02301 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

STAGES OF LITIGATION                                    DEADLINE

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court |  | 10/24/2022 |  |
| Response to the complaint filed (also see MRCP 12) |  | 11/22/2022 |  |
| All motions under MRCP 12, 19, and 20 | 11/22/2022 | 12/22/2022 | 01/23/2023 |
| All motions under MRCP 15 | 11/22/2022 | 12/22/2022 | 01/23/2023 |
| All discovery requests **and depositions** served and non-expert depositions completed | 05/22/2023 |  |  |
| All motions under MRCP 56 | 06/20/2023 | 07/20/2023 |  |
| Final pre-trial conference held and/or firm trial date set |  |  | 11/17/2023 |
| Case shall be resolved and judgment shall issue by |  |  | 07/24/2024 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br>07/25/2022 | ASSISTANT CLERK | | PHONE |
|---|---|---|---|

Date/Time Printed: 07-25-2022 12:55:53                                                                 SCV026\ 08/2018

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2283CV00537 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Djanine Da Veiga vs. Santander Bank et al | Robert S. Creedon, Jr., Clerk of Courts |
|---|---|

| TO: Kim Lopez No addresses available , | COURT NAME & ADDRESS Plymouth County Superior Court - Brockton 72 Belmont Street Brockton, MA 02301 |
|---|---|

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | | DEADLINE | |
|---|---|---|---|
| | SERVED BY | FILED BY | HEARD BY |
| Service of process made and return filed with the Court | | 10/24/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 11/22/2022 | |
| All motions under MRCP 12, 19, and 20 | 11/22/2022 | 12/22/2022 | 01/23/2023 |
| All motions under MRCP 15 | 11/22/2022 | 12/22/2022 | 01/23/2023 |
| All discovery requests **and depositions** served and non-expert depositions completed | 05/22/2023 | | |
| All motions under MRCP 56 | 06/20/2023 | 07/20/2023 | |
| Final pre-trial conference held and/or firm trial date set | | | 11/17/2023 |
| Case shall be resolved and judgment shall issue by | | | 07/24/2024 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 07/25/2022 | ASSISTANT CLERK | PHONE |
|---|---|---|

Date/Time Printed: 07-25-2022 12:55:53

SCV026\ 08/2018