UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DJANINE DA VEIGA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SANTANDER BANK, JOSE GOMEZ, JOSE DIAZ,<br>and KIM LOPEZ,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　C.A. No. 1:22-cv-11364-NMG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' EMERGENCY MOTION
AND MEMORANDUM OF LAW FOR SANCTIONS**

**I.   Introduction**

Pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, Defendants Santander Bank, N.A., Jose Gomez, and Kim Lopez ("Defendants") move for sanctions against Plaintiff for her blatant disregard of this Court's Order requiring her to supplement her discovery responses as of October 15th an order which she has completely ignored. Defendants are filing this Motion on an emergency basis and respectfully request an expedited ruling because Plaintiff's flouting of the Court's order is prejudicing their ability to defend this case. Specifically, despite the Court's order to produce discovery by October 15, 2024, no such discovery has been produced by Plaintiff. Her deposition is scheduled for October 24, 2024 and discovery closes on November 15, 2024 and these deadlines necessitate immediate Court intervention.

As sanctions for her disregard of the Court's authority, Defendants move (i) to dismiss the complaint or, impose sanctions as otherwise deemed appropriate by this Court, and (ii) for an

award to Defendants for their reasonable attorney's fees and costs incurred in filing this motion. The basis for this motion is, in summary, that, Defendants filed a Motion to Compel the Plaintiff to fully respond to their discovery requests which the Court granted and ordered Plaintiff to produce the requested discovery by October 15, 2024 ("Court Order"). As of the date of this motion, Plaintiff has failed to produce *any* additional discovery, much less fully comply with this Court's Order, which has resulted in prejudice to Defendants as Plaintiff's deposition is scheduled for Thursday, October 24, 2024 (next week), discovery closes on November 15, 2024, and Defendants remain without all discovery materials needed to take and complete Plaintiff's deposition. Given this behavior sanctions are warranted, as shown below.

## II. Facts

Ample good cause exists for this motion, as the Defendants show as follows:[1]

1. Plaintiff initiated this action on or about July 22, 2022, in the Massachusetts Superior Court, Plymouth County.

2. On August 25, 2022, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1131, 1367(a), 1441(a), and 1446.

3. Defendants timely served their Initial Disclosures on January 26, 2024, followed by their First Set of Interrogatories and First Set of Requests for the Production of Documents to Plaintiff on March 6, 2024.

4. On April 8, 2024, Plaintiff requested an extension of approximately three weeks to respond, to which Defendants agreed.

5. On May 10, 2024, counsel for both parties conferred at length regarding Defendants' position that the Plaintiff's responses were deficient. On May 20, 2024, Defendants

---

[1] These facts are verified in the attached Affidavit of Mark H. Burak, co-counsel for Defendants.

sent detailed correspondence via email outlining the deficiencies in Plaintiff's responses.

6. Although Plaintiff promised to provide supplemental responses, they were not received until July 13, 2024 (a Saturday). However, these responses were incomplete, providing little more than a change in title.

7. Defendants addressed these continued deficiencies in a second correspondence, dated July 19, 2024.

8. Defendants' counsel conferred with Plaintiff's Counsel on July 23, 2024, in accordance with Local Rule 37.1, but the parties were unable to reach a resolution.

9. Consequently, on August 16, 2024, Defendants filed a Motion to Compel Plaintiff to fully respond to the discovery requests, along with a supporting memorandum of law (ECF Docket No. 42-43).

10. This Court initially set a hearing for the Defendants' motion on September 26, 2024 (ECF Docket No. 45), which was later rescheduled to October 9, 2024 (ECF Docket No. 57).

11. Plaintiff failed to file an opposition, and the time to do so expired on August 30, 2024.

12. As a result, on October 1, 2024, this Court granted the Defendants' Motion to Compel, ordering the Plaintiff to produce the requested discovery by October 15, 2024 (ECF Docket No. 65).

13. After an Order granting another Motion to Compel by Defendants (Defendants Motion to Compel Plaintiff's In-Person Deposition), Defendants noticed Plaintiff's deposition for October 24, 2024. (ECF Docket No. 63).

14. Defendants received no communication from Plaintiff's counsel regarding the Court's October 1, 2024, order, or any need for additional time to respond between the date that order was issued and close of business October 15, 2024, when responses were due per the Order.

15. On October 15, 2024, at 9:46 P.M., Plaintiff's counsel, Attorney Benneth Amadi, contacted counsel for Defendant (Mark Burak), acknowledging the Court's Order and requesting an extension to October 23, 2024, to respond to Defendants' discovery requests. *See* Affidavit of Mark Burak at **Exhibit A.**

16. On following day, October 16, 2024, Mr. Burak responded to Plaintiff's counsel, explaining that Defendants could not extend or alter the Court's Order. Mr. Burak also informed counsel that Plaintiff's violation of the Court's Order was prejudicing Defendants' ability to prepare for her deposition scheduled for October 24, 2024. Mr. Burak further advised that continued failure to comply would result in additional motion practice, in which Defendants would seek sanctions and costs. *See* Affidavit of Mark Burak at **Exhibit B.**

17. Plaintiff failed to respond to Mr. Burak's October 16, 2024, email.

18. On October 18, 2024, Mr. Burak contacted Plaintiff's counsel again to advise that the discovery ordered by the Court had still not been provided. He requested a conference to be held by 2:00 p.m. that same day, pursuant to Local Rule 7 and Fed. R. Civ. P. 37.1 and noted that a motion for sanctions would be forthcoming if the issue was not resolved. *See* Affidavit of Mark Burak at **Exhibit C.**

19. Plaintiff again failed to respond to both Mr. Burak's October 16, 2024, and October 18, 2024, emails, and has not supplemented their discovery responses as required by this Court's Order entered on October 1, 2024.

### III.    Argument

Plaintiff has flagrantly and willfully ignored this Court's Order in failing to respond at all to Defendants' discovery requests, as this Court compelled her to do. Specifically, Plaintiff has refused, in contravention of this Court's Order, to produce basic fact information regarding her calculation of her astronomical damages claim, information regarding her alleged emotional distress and prior treatment for other mental health issues, her mitigation efforts following her termination, and fact witnesses with knowledge of the case, among other things.

Plaintiff's conduct has significantly prejudiced the Defendants and warrants sanctions. Pursuant to Federal Rules of Civil Procedure 37(b)(2)(A), this Court has discretion to enter sanctions against Plaintiff for her willful abuse of the discovery process. Such sanctions may include (i) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (ii) striking pleadings in whole or in part; or (iii) dismissing the action or proceeding in whole or in part; (iv) rendering a default judgment against the disobedient party.

Given such willful and blatant disregard of the Court's order Defendants submit that the appropriate sanction is dismissal. *Giancola v. Johnsondiversey*, 157 F. App'x 320, 321 (1st Cir. 2005) ("[D]ismissal is an appropriate sanction for discovery violations…."); *Piccone v. McClain*, 2013 U.S. Dist. LEXIS 40650, at *18 (D. Mass. 2013) ("Dismissal… may be appropriate where a party exhibits 'willful disobedience of the court's order.'"). If the Court is not inclined to dismiss Plaintiff's claims, at a minimum it should (i) further order Plaintiff to produce all documents

responsive to Defendants' Request for Production of Documents and Interrogatories immediately by 9 a.m., Monday October 21, 2024, and (ii) award Defendants its reasonable attorney's fees and costs incurred in having to move for relief sought by this Motion.

## IV.    Conclusion

Although Plaintiff brought this action, she has steadfastly and willfully ignored the discovery process and this Court's Orders. Such willful conduct contravenes the Rules of Civil Procedure and warrants sanctions as requested by this Motion.

SANTANDER BANK, N.A., JOSE GOMEZ & KIM LOPEZ,

By their attorneys,

/s/ *Mark H. Burak*
Mark H. Burak (BBO #558805)
Andro S. Hannoush (BBO #706657)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Telephone:  617.994.5700
Facsimile:  617.994.5701
mark.burak@ogletree.com
andro.hannoush@ogletree.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October 2024, a true copy of the within document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ *Andro Hannoush*
Andro S. Hannoush

**CERTIFICATION OF COMPLIANCE**

I, Mark Burak, counsel for Defendants, certify that this Motion complies with the provisions of Local Rule 37.1.  I further certify pursuant to Local Rule 37.1 that Defendants have made a reasonable and good faith effort to reach an agreement with opposing counsel on the matters set forth in this Motion. I attempted to confer with Plaintiff's counsel, Benneth O. Amadi, regarding the issues raised in this Motion through written email correspondence on October 18, 2024. The parties were unable to resolve the issues, and the Motion is presumed opposed.

*/s/ Mark Burak*
Mark H. Burak