UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DJANINE DA VEIGA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 22-11364-NMG |
| SANTANDER BANK, JOSE GOMEZ, JOSE DIAZ, and KIM LOPEZ, | ) | |
| Defendants. | ) | |

ORDER ON DEFENDANTS' REQUEST FOR COSTS AND FEES
[Docket No. 110]

March 26, 2025

Boal, M.J.

On December 13, 2024, this Court granted Defendants' October 28, 2024, motion for sanctions to the extent that it ordered Da Veiga to pay the Defendants' reasonable attorney's fees and costs for her failure to appear for her properly noticed deposition. Docket No. 109 at 9-10.[1] On December 20, 2024, Defendants submitted their requested fees and costs, along with supporting documentation, to which Da Veiga responded on January 7, 2025. Docket Nos. 110,[2] 116.[3] For the following reasons, this Court orders Da Veiga's counsel to pay $3,438.87 to the Defendants.

---

[1] This Court assumes familiarity with its previous order that imposed monetary sanctions but denied Defendants' request to dismiss the case. The only remaining issue before the Court in conjunction with that decision is the amount of the sanctions which is addressed herein.

[2] The Defendants submitted their request in the form of a motion which Judge Gorton referred to the undersigned on December 23, 2024. Docket No. 112.

[3] Da Veiga's opposition was filed one day after the court-ordered deadline for its submission.

Defendants seek fees only for attorney time unnecessarily incurred as a result of Da Veiga's non-appearance at the deposition, namely: 1) attorney time spent waiting for Da Veiga to appear at the October 24, 2024, deposition and the creation of a record of her nonappearance; and 2) attorney time incurred in reviewing and refreshing the initial preparation for the October 24, 2024, deposition that had to be repeated for her deposition conducted nearly four weeks later on November 18, 2024. Docket No. 110 at 2. Based on the submitted records, that time amounted to 3.9 hours at a rate of $697.50 for a total of $2,720.25.[4] Docket No. 111 at 8. In addition, Defendants incurred a fee of $718.62 for a stenographer and videographer for the October 24, 2024, deposition. Id. at 5-6. Accordingly, Defendants seek a combined total of $3,438.87 in fees and costs. Docket No. 110 at 2.

Da Veiga's opposition to the amount requested contains many conclusory assertions such as Defendant's request is "a mockery of good logic and common sense" and a "dishonor to the integrity of the court and the administration of justice." Docket No. 116 at 1. Such statements are not persuasive. Da Veiga also persists in making derogatory accusations about the conduct of Defendants' counsel without basis. See, e.g., id. ("Defendants misled the court and the administration of justice in this case with lies and misrepresentations into sanctioning the Plaintiff."). Such statements are also not persuasive. Da Veiga also seeks to relitigate the merits of this Court's order granting sanctions without presenting anything new. Docket No. 116.[5]

---

[4] The Defendants assert that they are only seeking fees for 2.9 hours. Docket No. 110 at 2. However, the billing records show 3.9 hours. Docket No. 111 at 8. In addition, the billing records show a rate of $775.00 per hour for Defendants' attorney. Id. In his affidavit, the attorney explains he is only charging $697.50 for this case which represents a discount for this client and that is the rate he has used for the instant request. Docket No. 111 at 2 n.1. When the 3.9 hours are multiplied by the rate of $697.50, the total is $2,720.25.

[5] Da Veiga persists in insinuating that she had an extension of time to file her opposition to Defendant's August 30, 2024, motion to compel Da Veiga to appear in person for her deposition.

Finally, in terms of the specific amounts requested, Da Veiga only argues that the costs for the deposition are for the one that took place on November 18, 2024, not the one that was scheduled for October 24, 2024. Docket No. 116 at 1-2. In fact, however, the stenographer/videographer bill dated November 8, 2024, is for the deposition scheduled for October 24, 2024. Docket No. 111 at 5. Da Veiga also complains that it is "inconceivable and abnormal" that Defendants incurred fees on November 18, 2024, for a deposition on October 24, 2024. Docket No. 116 at 2. However, the Defendants explained that they seek reimbursement for the November 18, 2024, work because it represented a necessary duplication of effort spent to prepare for the October 24, 2024, deposition. Docket No. 110 at 2.

Da Veiga makes no arguments opposing the amount of time spent by the Defendants' attorney nor the rate charged. This Court finds the requested fees and costs to be reasonable in light of all the relevant circumstances.

For the foregoing reasons, this Court awards sanctions to the Defendants in terms of fees and costs totaling $3,438.87. Because there is no indication that Da Veiga herself was involved in the sanctionable conduct, it further orders that Da Veiga's counsel and not the Plaintiff pay that amount.

        /s/ Jennifer C. Boal
        JENNIFER C. BOAL
        U.S. MAGISTRATE JUDGE

---

Docket No. 116 at 3. Da Veiga never filed a motion for an extension of time and therefore this Court granted the motion as unopposed on September 18, 2024, after the September 13, 2024, deadline for Da Veiga's opposition. See Docket No. 63. This Court nevertheless considered Da Veiga's arguments against an in person deposition as they were contained in correspondence attached to Defendants' motion. Id. Da Veiga points to an email exchange with this Court's courtroom deputy as proof that she had an extension. Docket No. 117-1. However, that email exchange pertained to a different motion to compel filed at Docket Nos. 42-43, not the deposition motion that was filed at Docket No. 49. See id. In any event, there was no extension granted in the email exchange for any motion. In addition, this argument in no way excuses Da Veiga's failure to appear for her duly noticed deposition.

3