UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DJANINE DA VEIGA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 22-11364-NMG |
| SANTANDER BANK, JOSE GOMEZ, JOSE DIAZ, and KIM LOPEZ, | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON DEFENDANTS' MOTIONS FOR
SANCTIONS AND SPOLIATION OF EVIDENCE
[Docket Nos. 69, 121]

April 18, 2025

Boal, M.J.

On December 27, 2024, Defendants Santander Bank, N.A., Jose Gomez, and Kim Lopez (collectively "Defendants") renewed their request for sanctions related to Da Veiga's failure to timely produce tax records in accordance with this Court's December 13, 2024, order. Docket No. 113.[1] On February 14, 2025, Defendants moved for sanctions in connection with Da Veiga's violation of other court orders and for spoliation of evidence. Docket No. 121.[2] For the following reasons, this Court grants in part both motions.

---

[1] Judge Gorton referred the first motion for sanctions (Docket No. 69) to the undersigned on October 21, 2024. Docket No. 71. This Court reserved decision on that motion's request for sanctions concerning the failure to produce tax returns. Docket No. 109 at 10. I now address that issue upon Defendants' renewed request for sanctions. Docket No. 113.

[2] Judge Gorton referred the February 14, 2025, motion to the undersigned on February 18, 2025. Docket No. 124.

1

I.      FACTUAL AND PROCEDURAL BACKGROUND

Da Veiga was a full-time employee at Santander Bank, N.A.'s branch in Brockton, Massachusetts from February 2014 until December 2021. Docket No. 24 at 2. Da Veiga alleges that Santander discriminated against her on the basis of race, ethnicity, and national origin. Docket No. 11 at 1.

    A.    October 1, 2024, Order On Discovery Responses

On August 16, 2024, Defendants filed a motion to compel Da Veiga to fully respond to both interrogatories and document requests. Docket No. 42 at 2. On October 1, 2024, this Court granted Defendants' unopposed[3] motion to compel and ordered Da Veiga to fully respond to the itemized interrogatories and document requests and produce a properly signed verification for all of her interrogatory responses by October 15, 2024. Docket No. 65.

    B.    Defendants' October 18, 2024, Motion For Sanctions

On October 18, 2024, Defendants filed a motion for sanctions related to the interrogatories and requests for production. Docket No. 69. Da Veiga filed an opposition to this motion on November 8, 2024. Docket No. 91. On November 15, 2024, Defendants filed a status report asserting that Da Veiga "*still* has not produced any documents as ordered by the Court" and that her "supplementary interrogatory responses remain incomplete." Docket No. 103 at 1-2 (emphasis in original). Da Veiga filed a response to Defendants' status report on November 15, 2024. Docket No. 104.

On December 13, 2024, this Court granted Defendants' motion and ordered Da Veiga to supplement her responses to the interrogatories and document requests by January 10, 2025. Docket No. 109. Moreover, she was ordered to respond to the request for production concerning

---

[3] By that date, Da Veiga had not filed an opposition and the time to do so had expired.

tax returns by December 20, 2024.  Id.  This Court reserved decision in conjunction with the request for sanctions.

        C.        Defendants' December 27, 2024, Notice Of
                  Da Veiga's Non-Compliance And Renewal Of Sanctions Request

On December 27, 2024, Defendants filed a notice stating that they had still not received Da Veiga's tax returns nor a signed release in violation of this Court's December 13, 2024, order requiring production by December 20, 2024.  Docket No. 113.  As a result, Defendants renewed their request for sanctions.  Id.  On January 6, 2025, Da Veiga filed an opposition that acknowledged she had not provided the returns but argued that Defendants failed to send her a release to sign.  Docket No. 115.  However, Da Veiga attached the parties' email exchange that included Defendants' January 2, 2025, offer to provide a release and her response stating that "the Plaintiff's tax preparer has been on vacation.  You may send the Release, if you deem that necessary at this time."  Docket No. 115-1 at 4.  On March 11, 2025, Da Veiga asserted that she ultimately produced portions of her 2022 tax return on January 9, 2025, and portions of her 2023 W-2 on January 12, 2025.  Docket No. 143 at 2.  However, she asserts that her "tax preparer" was not available to make the entire tax returns available and that therefore she only produced what she had "in her possession, custody and control at that time."  Id.  She further asserts that she provided Defendants with a signed IRS release but that did not occur until February 21, 2025, more than two months after the deadline for doing so.  Id.

        E.        Defendants' February 14, 2025, Motion
                  For Sanctions And For Spoliation Of Evidence

On February 14, 2025, Defendants filed a motion for sanctions and for spoliation of evidence.  Docket No. 121.  They assert that Da Veiga has "almost entirely ignored" this Court's December 13, 2025, order to supplement her responses to the interrogatories and document

requests by January 10, 2025. Docket No. 122 at 2-3. They assert that her responses to Interrogatory Nos. 2, 6, 9, and 13 remain deficient in direct violation of this Court's order. Id. They also assert that, other than producing a screenshot of her 2023 W-2 and 2022 tax return and Form 1099-G, she has not produced a single additional document nor any explanation for her failure to do so. Id. at 3. They further assert that Plaintiff testified at her deposition that she intentionally discarded lists of her job applications and failed to properly preserve her cellphone that contained relevant text messages, emails, and notes. Id. at 14.

On March 10, and 11, 2025, Da Veiga filed a three-page opposition along with a request for sanctions. Docket No.142; see also Docket Nos. 143, 144, 145. She argues that Defendants could have obtained information during Da Veiga's deposition to satisfy the alleged deficiencies. Docket No. 143 at 3-4.

II.     ANALYSIS

   A.   Standard Of Review

In both the October 18, 2024, and February 14, 2025, motions, Defendants requested sanctions in the form of dismissal of the case and costs and attorney's fees incurred in the preparation of the motions pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure. Docket Nos. 69 at 5-6; 121 at 2. Pursuant to that rule, "[i]f a party . . . fails to obey an order to provide or permit discovery," the court "may issue further just orders," including directing that certain matters or facts be taken as established, prohibiting the disobedient party from supporting or opposing certain claims or defenses, striking pleadings, or even dismissing the action. Fed. R. Civ. P. 37(b)(2)(A). "Instead of or in addition to" these sanctions, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or

other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Rule 37(b)(2) "requires two things as conditions precedent to engaging the gears of the rule's sanction machinery: a court order must be in effect, and then must be violated, before the enumerated sanctions can be imposed." R.W. Int'l Corp. v. Welch Foods, Inc., 937 F.2d 11, 15 (1st Cir. 1991). "If, after a court order on a motion to compel, the plaintiffs refuse to comply with the specific order for productions, sanctions can appropriately be imposed under Rule 37(b)(2)." Big Top USA, Inc. v. Wittern Group, 183 F.R.D. 331, 338 (D. Mass. 1998) (internal quotation marks and modifications omitted).

Courts consider the following factors in determining an appropriate sanction for a violation of a discovery order:

> (1) the willfulness or bad faith of the noncomplying party; (2) the prejudice to the opposing party; (3) whether the procedural history indicates 'protracted inaction or deliberate delay,' (4) the disregard of earlier warnings of the consequences of the misconduct; and (5) the availability of less draconian factors.

Id. (citation omitted).

In the February 14, 2025, motion, Defendants also seek sanctions for spoliation of evidence. Docket No. 122 at 13-19. A trier of fact may infer from a party's spoliation of evidence relevant to a litigated issue that the evidence was unfavorable to that party. Gomez v. Stop & Shop Supermarket Co., 670 F.3d 395, 399 (1st Cir. 2012). "[S]poliation is the intentional, negligent, or malicious destruction of relevant evidence." Gordon v. DreamWorks Animation SKG, Inc., 935 F. Supp. 2d 306, 313 (D. Mass. 2013) (citation omitted). To determine whether spoliation has occurred, the court "must first determine whether an act of destruction occurred" which requires a finding of four elements: "1) an act of destruction; 2) discoverability of the evidence; 3) intent to destroy the evidence; and 4) occurrence of the act after commencement of litigation or, if before, at a time when the party was on notice that the

evidence might be relevant to potential litigation." Id. (citations omitted). "The court must also consider prejudice to the moving party, although the prejudice inquiry tends to overlap with the determination of the appropriate sanction." Id. (citations omitted). "Fundamentally, a court's decision whether to sanction a party for allegedly spoiling or destroying evidence depends on a finding that the party had a duty to preserve the evidence in question, which it breached." Ortiz v. City of Worcester, No. 4:15-CV-40037-TSH, 2017 WL 2294285, at *2 (D. Mass. May 25, 2017) (citation omitted).

    B.    Tax Returns

This Court finds that Da Veiga's failure to timely produce the requested tax returns or a release is in violation of the December 13, 2024, order and is sanctionable under Rule 37(b)(2) of the Federal Rules of Civil Procedure. While Da Veiga argues that Defendants did not provide her with a release, they did not need to do so. The release is publicly available on the IRS website. Moreover, Da Veiga's obligation was not contingent upon Defendants providing her with a release. See Docket No. 109. Furthermore, even when Da Veiga was asked if she would like a release sent to her weeks after the deadline for her returns, she simply replied that "the Plaintiff's tax preparer has been on vacation. You may send the Release, if you deem that necessary at this time." Docket No. 115-1 at 4.

For these reasons, this Court has already ordered Da Veiga to comply with this request. Docket No. 174. In addition, while I decline to dismiss the case, I will award reasonable fees and costs related to the filing of this notice of non-compliance and renewal of sanctions request. Defendants must submit their requested fees and costs, along with supporting documentation, by May 2, 2025. Da Veiga must submit a response by May 16, 2025.

    C.    Plaintiff's Other Outstanding Discovery Responses

Defendants seek sanctions for Da Veiga's failure to provide sufficient interrogatory

responses as well as her failure to abide by this Court's orders regarding Defendants' discovery requests.  Docket No. 122 at 1.

1. Interrogatories

Defendants maintain that Da Veiga's responses to Interrogatories Nos. 2, 6, 9, and 13 are still deficient despite this Court's order.  See Docket No. 122 at 2-8.  I address each interrogatory and Da Veiga's responses in turn.

i. Interrogatory No. 2

This interrogatory seeks: "For each person who you or your attorney believe have knowledge concerning your claims in this case or Defendants' defenses, set forth a summary sufficient to inform Defendants of the relevant facts known to or observed by each person." Docket No. 123 at 20.  In its December 13, 2024, order, this Court found Da Veiga's response to be deficient.  Docket No. 109 at 7.

Da Veiga's most recent supplementation on January 10, 2025, suffers from the same deficiencies as her previous responses.  It does not identify anyone else[4] whom she believes has knowledge concerning her claims or Defendants' defenses, nor does it set forth a summary of the relevant facts known by anyone she had previously identified. Docket No. 145 at 2.

Da Veiga is ordered to supplement this interrogatory by May 2, 2025.

ii. Interrogatory No. 6

This interrogatory seeks information about Da Veiga's damages. Docket No. 123 at 23. In its December 13, 2024, order, this Court found Da Veiga's response to be deficient because, although she asserts five million dollars in damages, she provided very little in the way of

---

[4] In one of her previous responses to Interrogatory No. 1, she identified Grace Faria, Ronaldo Friere, and Alyssa Gibson.

7

specifics to support that number such as duration, nature, and type of medical treatment. Docket No. 109 at 8. I therefore ordered Da Veiga to provide the manner in which she calculated these damages and to identify all documents and evidence supporting the amounts claimed by her. Id.

In her January 10, 2025, supplement, Da Veiga failed to provide any methodology by which she calculated her damages. She added in conclusory fashion only the words "medical records," "unemployment proceedings related documents," "Plaintiff's taxes," and "Yan" without any further details. Docket No. 145 at 6-7.

Accordingly, Da Veiga is ordered to supplement this interrogatory by May 2, 2025.

### iii. Interrogatory No. 9

This interrogatory asks whether Da Veiga has "been limited" in her ability to work for any length of time since the end of her employment with Santander and to provide specifics if she had been. Docket No. 123 at 26. Defendants clarified at the November 22, 2024, hearing that "limitation" and "limited" were used here to seek information about whether Da Veiga alleges that her ability to work was allegedly hindered by her termination from Santander. With that explanation, this Court ordered Da Veiga to answer the interrogatory. Docket No. 109 at 9.

Da Veiga's most recent supplement is deficient. Instead of answering the question, she states, "Plaintiff repeats again that she remained totally unemployed for almost one year, from December 2021 to October 31, 2022." Docket No. 145 at 9.

Accordingly, Da Veiga is ordered to supplement this interrogatory by May 2, 2025.

### iv. Interrogatory No. 13

This interrogatory seeks information about Da Veiga's efforts, if any, to mitigate her damages. Docket No. 123 at 29. In her initial responses, Da Veiga stated that she searched for employment, but without providing any specifics. Docket No. 145 at 11. This Court therefore

ordered her to do so.  Docket No. 109 at 9.

In her January 10, 2025, supplement, Da Veiga reiterates that she applied for unemployment benefits and states that the Defendants frustrated her efforts to so.  She does not provide any additional specifics.  Docket No. 145 at 11.

Accordingly, Da Veiga is ordered to supplement this interrogatory by May 2, 2025.

2. Document Requests

In its December 13, 2024, order, this Court ordered Da Veiga to "conduct a new search for material for the subject discovery requests that is overseen by counsel and includes a search of all potentially relevant electronic equipment including her phone and any computer or tablet that she has used for the relevant time period."  Docket No. 109 at 6.  I then ordered Da Veiga to provide responses by January 10, 2025.  Id.  Defendants assert that, other than producing a screenshot of her 2023 W-2 and 2022 tax return and Form 1099-G, she has not produced a single additional document nor any explanation for her failure to do so since this Court's December 13, 2024, order.  Docket No. 122 at 3.  They also assert that, at the parties' conference, "Plaintiff's counsel declined to confirm whether he searched his client's data or made efforts to retrieve the documents, as ordered by this Court."  Id. at 8-9.

There is no indication in any of Da Veiga's filings that a new search was conducted or that new responses have been provided.  Rather, she simply states that she "has produced the documents in her possession, custody and control."  Docket No. 143 at 2.  At oral argument, Plaintiff's counsel suggested that Defendants' counsel should search Da Veiga's phone and computer.  It is improper for one party to shift its discovery obligations to another in this context.  It is the duty of Plaintiff's counsel to ensure a proper search of the devices.  Cf. Equal Emp. Opportunity Comm'n v. M1 5100 Corp., No. 19-CV-81320, 2020 WL 3581372, at *3 (S.D. Fla.

9

July 2, 2020) ("Abdicating completely the discovery search, collection and production to a layperson or interested client without the client's attorney having sufficient knowledge of the process, or without the attorney providing necessary advice and assistance, does not meet an attorney's obligation under our discovery rules and case law.").

Accordingly, Da Veiga is ordered to conduct a new search for material including but not limited to texts, emails, and notes for the subject discovery requests that is overseen by counsel and includes a search of all potentially relevant electronic equipment including, but not limited to, her phone and any computer or tablet. Da Veiga must then provide new responses to the subject discovery requests by May 16, 2025.

D.   Spoliation Of Evidence

Defendants assert that Da Veiga's deposition made clear that she did not preserve communications with others regarding this case. Docket No. 122 at 10. At her deposition, she admitted that she did not search her laptop, cell phone, or email for any information related to this case. Docket No. 123 at 44-45. She further admitted that she lost her cell phone that contained communications with a witness who she identified as having relevant information in her interrogatory responses and that she did not preserve those communications. Docket No. 122 at 10-11; Docket No. 123 at 41-42.

Defendants also assert that Da Veiga's deposition made clear that she did not preserve evidence related to her efforts to mitigate damages. When asked if she kept records of a job search as required by the Department of Unemployment Assistance, she stated that she "highly doubt[ed]" that she kept a log. Docket No. 123 at 35. She further clarified that she probably took notes about her job search effort but that she probably threw them out. Id. at 36. In general, she said that, while she often takes handwritten notes, she will "destroy them" when she no

longer needs them. Id. at 35.

At oral argument, Da Veiga's counsel represented that she lost her phone prior to his involvement in the case, but could not say when. For that reason, he could not say if the phone was lost a few months or more prior to his involvement. However, since July 2022, Da Veiga's current counsel has represented her in connection with both her unemployment claim appeal and the filing of her original complaint. Docket Nos. 1-1 at 22; 11-1 at 4-5.[5]

Defendants have presented a colorable argument for spoliation. Nevertheless, this Court will give Da Veiga another opportunity to retrieve electronic evidence. As described above, Da Veiga must search for such evidence and provide the results to Defendants' counsel. If appropriate, Defendants' counsel may renew their request for spoliation after that time.

III.   ORDER

For the foregoing reasons, this Court grants in part both of Defendants' motions. Defendants must submit their requested fees and costs for the tax returns-related sanctions, along with supporting documentation, by May 2, 2025. Da Veiga must submit a response by May 16, 2025. In response to the February 14, 2025, motion, this Court orders Da Veiga to supplement the remaining discovery responses by May 2, 2025. A search of Da Veiga's electronic devices must be completed by May 16, 2025. This Court denies Defendants' motion for spoliation

---

[5] In her opposition, Da Veiga's counsel argues that his client did not become aware of Defendants' violations against her and her possible claims until around April 2024 when she "found an attorney," and he further states that she was not aware of any duty to preserve evidence nor was she focused on pursuing this litigation "at the time." Docket No. 143 at 6-7. This assertion appears, if not a typographical error, erroneous.

without prejudice to renewal after the May 16, 2025, production.  This Court denies Da Veiga's request for sanctions and attorney's fees.

                                            /s/ Jennifer C. Boal
                                           JENNIFER C. BOAL
                                           U.S. MAGISTRATE JUDGE