UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DJANINE DA VEIGA,<br><br>    Plaintiff,<br><br>  v.<br><br>SANTANDER BANK, JOSE GOMEZ,<br>JOSE DIAZ, and KIM LOPEZ,<br><br>    Defendants. | Civil Action No. 22-11364-NMG |

ORDER ON DEFENDANTS' REQUEST FOR COSTS AND FEES
[Docket No. 113]

May 28, 2025

Boal, M.J.

On April 18, 2025, this Court granted Defendants' motion for sanctions to the extent that it ordered Da Veiga to pay the Defendants' reasonable attorney's fees and costs for her failure to timely produce tax records in accordance with this Court's December 13, 2024, order. Docket No. 179 at 6.[1] On May 2, 2025, Defendants submitted their requested fees and costs, along with supporting documentation, to which Da Veiga responded on May 17, 2025. Docket Nos. 180, 181, 183, 184. Defendants filed a reply on May 22, 2025. Docket No. 188. For the following reasons, this Court orders Da Veiga to pay $2,496.47 to the Defendants.

Defendants seek fees for attorney time unnecessarily incurred in the pursuit of the production of Da Veiga's tax records. These fees are documented in two ways: 1) attorney time

---

[1] This Court assumes familiarity with its previous order that imposed monetary sanctions but denied Defendants' request to dismiss the case. The only remaining issue before the Court in conjunction with that decision is the amount of the sanctions which is addressed herein.

1

solely connected to procuring the tax returns; and 2) attorney time for which the entries do not reflect exclusive work on the tax return issue and therefore Defendants seek only ten or fifteen per cent of the time spent depending on the date of the entry.[2] Docket No. 180 at 2. Defendants explain that they have spent a substantial amount of time seeking production of discovery from Da Veiga, including the tax returns, but that Ogletree's time records do not delineate always between time spent obtaining tax returns and time spent seeking other discovery. Id.

With respect to work solely on tax documents, Defendants point to eight entries that reflect a total of 4.9 hours by different lawyers billing at different rates.[3] Defendants seek $2,350.40 in fees for this work. Docket No. 180 at 3. With respect to the blended work, in the initial phase of the discovery disputes, Defendants provide twenty-nine entries that resulted in $14,378.30 in fees incurred.[4] Defendants then conservatively allocated ten per cent of these fees to the tax record dispute, resulting in $1,437.83 in fees. Defendants cite to three entries on work that was more focused, but not exclusively, on the tax disputes that amount to $1,424.70. Defendants then conservatively allocated fifteen per cent of these fees to the tax record dispute resulting in $213.70. Id. Accordingly, Defendants seek a combined total of $4,001.93 in fees. Id.

Da Veiga's opposition to the amount requested contains many conclusory and unsupported assertions such as Defendant's request is "excessive, speculative, misleading, very

---

[2] Defendants explain that they "conservatively allocated only a small percentage – 10% for the initial phases and 15% for the later, more focused phases – to the tax record issue, as required by the Court's order." Docket No. 188 at 2.

[3] Attorney Andro Hannoush's discounted hourly rate was $423.00 for 2024 and $459.00 for 2025. Attorney Mark Burak's discounted hourly rate was $697.50 for 2024 and $738.00 for 2025. Docket No. 180 at 3.

[4] These fees include time spent by Attorney Molly Lawrence, whose discounted rate was $463.50 for 2024 and $504.00 for 2025 and by Paralegal Cynthia Martinez whose discounted hourly rates were $229.50 for 2024 and $243.00 for 2025. Docket No. 180 at 3.

unreasonable and lacking in proper documentation and specificity." Docket No. 183 at 1. Such statements are not persuasive, particularly where the Defendants have provided itemized billing records, and describe the work performed for each time entry. See Docket No. 181-1. Da Veiga also persists in making derogatory accusations about the conduct of Defendants' counsel without basis.[5] Such statements are also not persuasive. Da Veiga also seeks to relitigate the merits of this Court's order granting sanctions without presenting anything new. Docket No. 184 at 1. Da Veiga makes no arguments opposing the rates charged.

However, this Court stated that it would award reasonable fees related to the filing of the December 27, 2024, notice of noncompliance and the renewal of Defendants' sanctions request with respect to the tax returns. Docket No. 179 at 6. Accordingly, I will not award fees for work pre-dating the preparation of the December 27, 2024, notice. That work began on December 23, 2024. It then appears that the entries solely related to the tax returns postdate December 23, 2024, and I will award $2,350.40 for that work. The total for all work post-December 23, 2024, amounts to $3,324.20. When $2,350.40 is subtracted from $3,324.20, the amount is $973.80. Using the Defendants' formula for blended work late in the discovery proceedings, I then multiplied $973.80 by fifteen per cent which resulted in $146.07. I then added $146 to $2,350.40 for a total of $2,496.47.

---

[5] Indeed, despite warnings from the Court, counsel's comments about Defendant's counsel have become increasingly derogatory without basis. Indeed, Da Veiga's counsel makes unsupported charges of racism. Docket No. 184 at 2-3. The use of inflammatory statements will not be tolerated by this Court. Da Veiga's counsel must refrain from making unsupported personal attacks, and inflammatory accusations.

3

For the foregoing reasons, this Court awards sanctions to the Defendants in terms of fees and costs totaling $2,496.47, which must be paid within two weeks of the date of this order.

                                                        /s/ Jennifer C. Boal
                                                        JENNIFER C. BOAL
                                                        U.S. MAGISTRATE JUDGE